J-S48018-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JOHNNIE LEWIS BROWN | |
| Appellant | No. 567 MDA 2014 |

Appeal from the PCRA Order February 28, 2014
In the Court of Common Pleas of Adams County
Criminal Division at No(s): CP-01-CR-0001178-2010

BEFORE: DONOHUE, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY JENKINS, J.:               **FILED DECEMBER 23, 2014**

Johnnie Brown ("Appellant") appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1]   We affirm.

Following trial, a jury found Appellant guilty of possession of a controlled substance with intent to deliver,[2] possession of drug paraphernalia,[3] and escape.[4]  On October 20, 2011, the trial court sentenced Appellant to an aggregate sentence of 6 to 12 years of incarceration.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 35 P.S. § 780-113(a)(30).

[3] 35 P.S. § 780-113(a)(32).

Appellant brought a direct appeal alleging the trial court erred in denying his motion to suppress evidence and challenging the sufficiency of the evidence. This Court affirmed his judgment of sentence on July 31, 2012. Appellant did not file a Petition for Allowance of Appeal to the Pennsylvania Supreme Court.

On June 27, 2013, Appellant filed a timely *pro se* PCRA petition to which the Commonwealth filed an answer. Thereafter, the PCRA court appointed counsel, who filed an amended PCRA petition. The amended petition alleged trial counsel was ineffective for: (1) failing to motion the trial court to produce a subpoenaed witness, (2) failing to investigate and present at trial the jacket Appellant was wearing at the time of arrest, (3) failing to object to testimony regarding outstanding warrants for Appellant's arrest, (4) failing to file a pre-trial motion requesting fingerprint and/or DNA testing of evidence, (5) failing to request that the court sequester the Commonwealth's witnesses, and (6) failing to argue that the arresting officer's warrant check of Appellant violated his constitutional rights. ***See*** Amended PCRA Petition, pp. 2-3.[5] The PCRA court conducted a hearing on January 14, 2014 and denied the petition on February 28, 2014. Appellant

*(Footnote Continued)* ───────────

[4] 18 Pa.C.S. § 5121(a).

[5] This Court has inserted pagination into the unnumbered Amended PCRA Petition.

timely appealed and filed a Pa.R.A.P. 1925(b) statement of matters complained of on appeal that alleged the PCRA court erred in denying his claims that trial counsel (1) failed to secure the appearance of a witness, (2) failed to present a jacket at trial, and (3) failed to request fingerprint and/or DNA testing. **See** 1925(b) Statement, April 17, 2014. The PCRA court filed a Pa.R.A.P. 1925(a) opinion that adopted the court's previously-filed Order and Opinion denying the petition. **See** Opinion Pursuant to Pa.R.A.P. 1925(a), April 21, 2014.

Thereafter, Appellant's counsel filed a brief with this Court that asserted that the appeal was wholly frivolous, together with a petition to withdraw as counsel.[6] On August 22, 2014, we determined counsel had

---

[6] Counsel purported to file the brief pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa.1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super.1988) (*en banc*), which established the procedure for appointed counsel to request leave to withdraw from meritless collateral attacks on criminal convictions. **See Commonwealth v. Pitts**, 981 A.2d 875, 876 n.1 (Pa.2009) (outlining **Turner**/**Finley** requirements); **Commonwealth v. Friend**, 896 A.2d 607, 614 (Pa.Super.2006) (same). Counsel's filing was actually a brief filed pursuant to **Anders v. California**, 386 U.S. 738 (1967), which established the procedures and requirements for appointed counsel to withdraw in the context of a meritless direct appeal. **See Commonwealth v. Martuscelli**, 54 A.3d 940, 947 (Pa.Super.2012) (outlining **Anders** requirements). However, because a **Turner**/**Finley** no merit letter is the appropriate filing for a PCRA appeal that appointed counsel deems meritless, we reviewed this filing for compliance with **Turner**/**Finley**. **See Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n.3 (Pa.Super.2004); *see also* **Commonwealth v. Widgins**, 29 A.3d 816, 817 n.2 (Pa.Super.2011) ("Because an **Anders** brief provides greater protection to a defendant, this Court may accept an **Anders** brief in lieu of a **Turner**/**Finley** letter.").

partially complied with the requirements of **Turner/Finley**, and we found that compliance deficient. **See Commonwealth v. Brown**, 567 MDA 2014, filed August 22, 2014 (unpublished memorandum), pp. 5-6. Consequently, we remanded the matter and directed appointed counsel to either re-file his **Turner/Finley** no merit letter and a proper petition to withdraw, or to file a responsive advocate's brief within thirty days. **Id.** at 6. Counsel complied and re-filed his brief as a formal **Turner/Finley** no merit letter, together with a Petition to Withdraw as Counsel, on September 17, 2014.

PCRA counsel's **Turner/Finley** no merit letter raises the following three issues:

> 1. Whether the [PCRA c]ourt's denial of [Appellant's] PCRA petition and determination that trial counsel was not ineffective is supported by the evidence of record when trial counsel failed to secure the appearance of a defense witness. Said witness provided credible testimony during [Appellant's] PCRA hearing that directly contradicted the testimony of the arresting officer(s). Trial counsel testified during the PCRA hearing that the witness's testimony, specific to the location of the contraband, "would have been important."
>
> 2. Whether the [PCRA c]ourt's denial of the [Appellant's] PCRA petition and determination that trial counsel was not ineffective is supported by the evidence of record when trial counsel failed to investigate and present at trial the jacket worn by [Appellant]. [Appellant] provided counsel with the name, address and telephone number of the person in possession of the jacket, insisted that counsel obtain the jacket, and counsel decided not to investigate the jacket.
>
> 3. Whether the [PCRA c]ourt's denial of the [Appellant's] PCRA petition and determination that trial counsel was not ineffective is supported by the evidence of record when trial counsel failed to request fingerprint and DNA testing of the contraband. [Appellant] asked trial counsel on several occasions

- 4 -

to initiate fingerprint and DNA testing which trial counsel failed to do.

PCRA Counsel's No Merit Letter, filed September 17, 2014 ("No Merit Letter"), pp. 4, 6, 7. Counsel concluded each issue lacked merit. *See* No Merit Letter, pp. 5, 7, 8.

In our memorandum decision ordering remand, we afforded Appellant 45 days to respond to counsel's filing. *See Commonwealth v. Brown*, 567 MDA 2014, filed August 22, 2014 (unpublished memorandum), p. 6. Appellant responded on October 17, 2014 ("Appellant's *Pro Se* Response"). Appellant's *Pro Se* Response noted the three issues raised by counsel in the No Merit Letter, and purported to raise six (6) additional issues:

4. Defense witness would have contradicted and proven that officers testimony would not been aligned with the accusation against [Appellant] if given in front of the jury. Jury's could have seen incident through a different scope.

5. Trial counsel could have proven to the court that the accusation from the officer would be false proven by a place that did not exist on the jacket claimed to have had contraband. This would also add to other contradicting statements of the officers.

6. The fingerprint and DNA testing would have allowed the defense to show whether or not he did or had possession of the contraband claimed by officers. Officer testified that [Appellant] attempted to snatch but was not successful. It would raise and yet answer the question if [Appellant] would have had any fingerprints or DNA on the claimed contraband.

7. Appellant counsel was ineffective along with trial counsel in the matter to raise issue of the count 3 of possession of paraphernalia. The bags containing contraband should have been part of possession with the intent to deliver due to the fact it was bags containing residue[.]

8. Appellant counsel was ineffective along with trial counsel in the matter of the count 4 of escape where [Appellant] was not proven to be under arrest but fled the scene. Testimony of officer Sangster states that she was under the assumption [Appellant] was under arrest. Trial counsel did raise and proved that officer Weikert was not required to arrest [Appellant] for a traffic violation warrant. If [Appellant] would have been under arrest for citation warrant, would that also been up to officer Sangster whom encountered [Appellant] first? [Appellant] would and could have been under the impression he was not under arrest nor under any type of detition for any violation.

9. Appellant counsel has failed to raise or amend the matter of the mandatory minimum sentencing. This matter has been argued and set forth as unconstitutional under the following cases:

A. Com. v. Mundy 78 A3d 661 (2013)

B. Alleyne v. United States, 133 S.Ct. 2151, 186 L.Ed 2d 314 (2013)

C. Com. v. Newman 2014 Pa Super 178 No. 1980 EDA 2012 PICS Case no 14-1335 (Pa.Super Aug. 20, 2014) Ford Elliot, J (40 pages)

Appellant's *Pro Se* Response, pp. 2-3 (all errors in original, pagination supplied). Additionally, Appellant requested an extension of time to submit a brief. *Id.* at 4. This Court granted Appellant's extension request and afforded Appellant an additional 30-days from October 31, 2014 to file his brief. *See* Superior Court Order, October 31, 2014. Appellant filed an "Amended Brief to Appeal Response to PCRA" ("Appellant's *pro se* brief") on December 2, 2014, within the allotted 30 days.[7] Appellant's *pro se* brief

_____

[7] The 30th day technically fell on November 30, 2014, a Sunday. Accordingly, Appellant had until the following business day, Monday December 1, 2014, to file his brief in compliance with this Court's October

*(Footnote Continued Next Page)*

- 6 -

addresses only issue No. 9 from his *Pro Se* Response, the mandatory minimum sentencing claim.

We first turn to counsel's No Merit Letter to begin our review of this matter. Our Supreme Court has explained the procedure required for court-appointed counsel to withdraw from PCRA representation:

> [*Turner* and *Finley*] establish the procedure for withdrawal of court-appointed counsel in collateral attacks on criminal convictions. Independent review of the record by competent counsel is required before withdrawal is permitted. Such independent review requires proof of:
>
> 1) A "no-merit" letter by PCRA counsel detailing the nature and extent of his [or her] review;
>
> 2) A "no-merit" letter by PCRA counsel listing each issue the petitioner wished to have reviewed;
>
> 3) The PCRA counsel's "explanation", in the "no-merit" letter, of why the petitioner's issues were meritless;
>
> 4) The PCRA court conducting its own independent review of the record; and
>
> 5) The PCRA court agreeing with counsel that the petition was meritless.

---

*(Footnote Continued)* ──────────────

31, 2014 Order. This Court received Appellant's brief on December 2, 2014. While Appellant did not date his brief or provide proof of mailing, we acknowledge that he is incarcerated and therefore must have mailed his brief, at the latest, on December 1, 2014. Accordingly, we will consider December 1, 2014 as the filing date of Appellant's brief, and regard the brief as timely filed. *See Commonwealth v. Patterson*, 931 A.2d 710, 714 (Pa.Super.2007) ("Pursuant to the prisoner mailbox rule, we deem a document filed on the day it is placed in the hands of prison authorities for mailing").

*Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa.2009) (citations omitted). In addition, this Court has required that PCRA counsel who seeks to withdraw must:

> contemporaneously serve a copy on the petitioner of counsel's application to withdraw as counsel, and must supply the petitioner both a copy of the "no-merit" letter and a statement advising the petitioner that, in the event the court grants the application of counsel to withdraw, he or she has the right to proceed *pro se* or with the assistance of privately retained counsel.

*Commonwealth v. Friend*, 896 A.2d 607, 614 (Pa.Super.2006) (emphasis deleted).

> [W]here counsel submits a petition and no-merit letter that do satisfy the technical demands of *Turner/Finley*, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief. By contrast, if the claims appear to have merit, the court will deny counsel's request and grant relief, or at least instruct counsel to file an advocate's brief.

*Commonwealth v. Wrecks*, 931 A.2d 717, 721 (Pa.Super.2007) (citations omitted).

As noted, following our remand, PCRA counsel filed a No Merit letter with this Court, detailing the nature and extent of his review, listing three issues regarding ineffective assistance of trial counsel, and discussing why he believes each issue lacks merit. Additionally, counsel filed a Petition to Withdraw as Counsel seeking to withdraw his appearance on Appellant's behalf. In consideration of his recent submissions, we are now satisfied that

PCRA counsel sent copies of the No Merit Letter and his motion seeking to withdraw his appearance to Appellant, as well as a statement advising Appellant of his right to proceed *pro se* or with new counsel. Therefore, PCRA counsel has now satisfied the prerequisites of **Turner/Finley**, and we may review the claims presented.

In reviewing an order denying PCRA relief, our well-settled standard of review is "to determine whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." **Commonwealth v. Barndt**, 74 A.3d 185, 191-192 (Pa.Super.2013) (internal quotations and citations omitted).

The No Merit Letter raises the issues discussed **supra**, all of which Appellant preserved through inclusion in his Pa.R.A.P. 1925(b) statement. Each of these issues raises claims of ineffective assistance of counsel. When reviewing a claim of ineffective assistance of counsel, we begin with the presumption that counsel was effective. **Commonwealth v. O'Bidos**, 849 A.2d 243, 249 (Pa.Super.2004). Generally, to overcome this presumption, a claimant must establish "that [1] the underlying claim is of arguable merit; [2] that counsel's action or inaction was not grounded on any reasonable basis designed to effectuate the appellant's interest; and finally, [3] that counsel's action or inaction was prejudicial to the client." **Id.** Failure to establish any one of these three prongs will defeat an ineffective assistance of counsel claim. **Id.**

- 9 -

The first issue alleges that trial counsel was ineffective by failing to secure the appearance at trial of a defense witness, Appellant's fiancée, Melissa Bridges. *See* No Merit Letter, pp. 4-5. To establish ineffectiveness for failure to call witnesses, a PCRA petitioner must demonstrate:

> (1) the witness existed; (2) the witness was available; (3) counsel knew of, or should have known of the existence of the witness; (4) the witness was willing to testify for the defense; and (5) the absence of the testimony was so prejudicial to petitioner to have denied him or her a fair trial.

*Commonwealth v. Miner*, 44 A.3d 684, 687 (Pa.Super.2012). "Thus, trial counsel will not be found ineffective for failing to investigate or call a witness unless there is some showing by the appellant that the witness's testimony would have been helpful to the defense." *Commonwealth v. Michaud*, 70 A.3d 862, 868 (Pa.Super.2013) (citation omitted). "A failure to call a witness is not *per se* ineffective assistance of counsel for such decision usually involves matters of trial strategy." *Id.* (citation and quotation marks omitted).

Here, PCRA counsel explains that the record establishes that (1) trial counsel interviewed and subpoenaed Ms. Bridges prior to trial, (2) trial counsel contacted and spoke with Ms. Bridges on the day of trial, (3) Ms. Bridges did not appear at trial, (4) trial counsel offered the trial court a proffer of Ms. Bridges' expected testimony after she did not appear, and (5) the trial court directed the trial to proceed in the absence of the witness. No

Merit Letter, p. 4. As a result, PCRA counsel concluded that this claim is without merit. *Id.* at 5. We agree.

At the PCRA hearing, trial counsel testified that he subpoenaed Ms. Bridges, spoke with her, and that she did not show up to the trial. N.T. 1/14/2014 ("PCRA Transcript"), pp. 43-44. Trial counsel further testified that he felt Ms. Bridges' testimony would have been tentative, hesitant, and ultimately unhelpful, and that he was reticent to call Ms. Bridges given her *crimen falsi* conviction for theft. *Id.* This evidence illustrates that trial counsel's failure to call Ms. Bridges resulted from a combination of counsel's strategic determinations as to Ms. Bridges' testimony and Ms. Bridges' failure to appear in court. The PCRA court credited this evidence, which defeats Appellant's claim of ineffective assistance of trial counsel for failure to call Ms. Bridges to testify.

Appellant's second issue alleges trial counsel ineffectiveness for failing to present at trial the jacket worn by Appellant during the crime. *See* No Merit Letter, pp. 6-7. Appellant believes the presentation of the jacket would have reinforced his testimony and contradicted that of the police officers. *Id.* Appellant alleges discrepancies between the officer's testimony regarding the placement of pockets on the jacket and the actual placement of the pockets would have impeached the officers' testimony to the point of changing the outcome of the trial. *Id.* PCRA counsel concludes this issue is without merit because the issue was addressed at trial in such a way that physical production was not necessary, and Appellant testified at trial that

- 11 -

the baggie containing drugs had in fact come from his jacket. *Id.* at 7. Again, we agree.

Appellant's testimony at the PCRA hearing did not dispute that police recovered a baggie from his jacket. Instead, Appellant simply challenged the exact location in the jacket where police discovered the baggie. *See* PCRA Transcript, pp. 31-33. Trial counsel, however, explained the decision not to pursue and present the jacket in terms of strategy, explaining:

> I thought [Appellant's jacket] was legally insignificant or irrelevant. That's why I didn't push real hard to get the jacket. I just didn't think that even if the officers were contradicted and the pockets were on a different place on [Appellant's] person that was relevant. Even for the purpose of discrediting the officers story, I just thought [it amounted to] the difference between a black car and maybe a blue car.

*Id.* at 46.

The PCRA court explained its denial of this claim as follows:

> Contrary to [Appellant's] belief in the importance of producing the inner jacket at trial, this issue was raised at his trial in such a way that physical production was unnecessary. At trial, [Appellant] took the stand in his own defense and testified about the jacket, admitting that a baggie came from an inner jacket pocket, but disputing the exact placement of the pocket. During direct examination, Attorney Maitland specifically questioned [Appellant] about the accuracy of Officer Weikert's testimony that he found the baggie in [Appellant's] breast pocket. [Appellant] responded that Officer Weikert's testimony was incorrect and that the baggie was in a right side pocket. Through this line of questioning, Attorney Maitland ensured that [Appellant] had the opportunity to testify regarding the accuracy of Officer Weikert's testimony.
>
> More importantly, [Appellant] greatly overestimates the prejudice that he suffered from Attorney Maitland's decision not to locate the jacket and present it at trial. [Appellant] does not

contend that Officer Weikert did not find a baggie in one of his jacket pockets. Instead, [Appellant] merely asserts that the baggie was found in a different pocket in his inner jacket and the breast pocket did not exist. While the exact location of the pocket on the inner jacket may have a slight impact on the credibility of the officer's testimony, it is not an outcome-determinative issue. Attorney Maitland testified that he did not secure the jacket because he believed that the jacket was legally insignificant or irrelevant to [Appellant's] defense. This [c]ourt agrees. Attorney Maitland was not required to jump through a series of hoops to secure physical evidence which would have essentially no impact on the issue of [Appellant's] guilt. This is especially so because the same point that would have been made through physical production of the jacket was made through [Appellant's] testimony. Consequently, [Appellant] has not shown that Attorney Maitland was ineffective in this regard and is not entitled to PCRA relief.

PCRA Court Opinion on Defendant's Motion for Post Conviction Collateral Relief, February 28, 2014 ("PCRA Opinion"), pp. 9-10 (footnote omitted). The PCRA court correctly notes that any prejudice suffered by Appellant as a result of the failure to introduce the jacket into evidence would likely not have been outcome-determinative, particularly in light of the admitted testimony regarding the jacket. Additionally, trial counsel had sound strategic reasons noted by the PCRA court for not pursuing the jacket as evidence. *See Commonwealth v. Colavita*, 993 A.2d 874, 887 (Pa.2010) (holding counsel will be deemed effective where counsel's chosen course of action had some reasonable basis designed to effectuate his client's interests). Accordingly, Appellant's claim fails.

Finally, the third issue alleges that trial counsel was ineffective for failing to request fingerprint and DNA testing of the contraband. *See* No

Merit Letter, pp. 7-8. PCRA counsel concludes that this issue also lacks merit, and we again agree.

At the PCRA hearing, trial counsel testified he made a strategic decision to address the Commonwealth's lack of evidence through cross-examination of witnesses and through argument in closing, as opposed to seeking fingerprinting and DNA testing. PCRA Transcript, pp. 30, 46-47. PCRA counsel further explained that a lack of Appellant's fingerprints or genetic material on the contraband would not necessarily have proven his innocence. *Id.* at 47. Further, trial counsel testified that, as a matter of strategy, he did not test for fingerprints or DNA out of fear such tests might have yielded evidence that would have further inculpated Appellant. *Id.* at 47-48, 52.

The PCRA court explained:

> Attorney Maitland made a well-reasoned decision not to request that the baggie be tested for identifying material after weighing the inherent risks with the potential benefits that could result. Counsel's choice of trial strategy does not constitute ineffective assistance of counsel so long as he chooses a particular course that had some reasonable basis designed to effectuate his client's interests. If Attorney Maitland had requested that the baggie be tested, he would have exposed [Appellant] to the risk that [Appellant's] materials could be found on it, thus further incriminating him. On the other hand, if Attorney Maitland had requested testing and [Appellant's] fingerprint or genetic material were not found on the baggie, the absence of that evidence would not establish that the drugs did not belong to [Appellant]. Instead, a lack of [Appellant's] fingerprints or DNA could mean that there were simply no distinct samples of such material to be gleaned from the evidence. Because Attorney Maitland considered the alternatives and made a reasoned and strategic choice which was designed

- 14 -

to effectuate [Appellant's] interests, his decision cannot constitute ineffective assistance of counsel.

PCRA Opinion, p. 11 (internal quotations and citation omitted).

We find the PCRA court's determination is supported by the evidence of record and free of legal error. Accordingly, this claim lacks merit.

As to Appellant's *Pro Se* Response and Appellant's *pro se* brief thereon, as previously noted, Appellant briefed only his mandatory minimum sentence issue. Accordingly, Appellant has waived his *Pro Se* Response Issues 4-8. To the extent Appellant's *Pro Se* Response Issue No. 9 raises a claim based on **Alleyne v. United States**, __ U.S. __, 133 S.Ct. 2151 (2013), we acknowledge that generally issues concerning the applicability of a mandatory minimum present a non-waivable challenge to the legality of a sentence. **Commonwealth v. Lawrence**, 99 A.3d 116, 122 (Pa.Super.2014). However, neither the Supreme Court of the United States nor the Pennsylvania Supreme Court has held that **Alleyne** applies retroactively to matters on collateral appeal. Even if **Alleyne** applied, Appellant failed to raise his claim within sixty days after the Supreme Court of the United States issued its opinion in **Alleyne** on June 17, 2013. 42 Pa.C.S. §§ 9545(b)(1)(iii) & (b)(2).

Having found that the issues raised by Appellant are waived or without merit, and finding nothing in the record that would support a contrary conclusion or which revealed other preserved issues of arguable merit, we

affirm the order of the PCRA court denying Appellant's PCRA petition and grant PCRA counsel's Petition to Withdraw as Counsel.

Order affirmed. Petition to Withdraw as Counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/23/2014